UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE RUTH DUGAN,

        Petitioner,

v.                                    CASE NO. 2:16-cv-11830

ANTHONY STEWART,        PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jamie Ruth Dugan seeks a writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence of 3-1/2 to 10 years for one count of armed robbery, Mich. Comp. Laws § 750.529. Petitioner claims that the trial court breached her plea and sentencing agreement and failed to consider mitigating factors when sentencing her. She also asserts that defense counsel was ineffective for failing to object to the errors. Because these claims do not warrant habeas corpus relief, the Court will deny the petition.

**I. Background**

The armed robbery charge arose from allegations that Petitioner aided and abetted her fiancé in robbing a 7-Eleven store in Macomb County, Michigan. On October 10, 2014, Petitioner pleaded guilty, as charged, to one count of armed robbery. In return, the

prosecutor, defense counsel, and the state trial court agreed to a sentence at the bottom of the sentencing guidelines. (10/10/14 Plea Tr. at 7.)[1] The bottom of the guidelines ultimately were determined to be 42 months.

Petitioner was represented by substitute counsel at her sentencing hearing on November 13, 2014. Substitute counsel requested a minimum sentence of 27 months. He stated that Petitioner had requested a minimum sentence of 27 months at the plea proceeding and that the trial court had been unwilling to commit to a minimum sentence of 27 months without first seeing the pre-sentence report. (11/13/14 Sentence Tr. at 8-9.)[2] The trial court stated at the sentencing hearing that it did not believe there was a

---

[1] In Michigan, the "sentencing guidelines . . . create a range within which the trial court must set the minimum sentence." *People v. Drohan*, 475 Mich. 140, 161 (2006). "The maximum sentence is not determined by the trial court, but rather is set by law." *Id*. A "trial court may not impose a sentence greater than the statutory maximum." *Id.*

A trial judge may participate in sentencing discussions at the request of a party by "stat[ing] on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *People v. Cobbs*, 443 Mich. 276, 283 (1993) (emphasis omitted).

> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*.

[2] The transcript of the plea proceeding does not reflect such a conversation, but there may have been an off-the-record discussion between counsel and the trial court.

2

substantial and compelling reason to depart downward from the sentencing guidelines. Accordingly, it followed the plea and sentencing agreement and sentenced Petitioner to a minimum sentence of 42 months in prison, with credit for 85 days, and a maximum sentence of 10 years. *Id.* at 11-12.

Petitioner then spoke up and claimed that her initial attorney had pressured her to plead guilty and had led her to believe the trial court would sentence her to 27 months. The trial court responded to Petitioner's comments by stating that it had not promised Petitioner a minimum sentence of 27 months and that the only promise it had made was a sentence at the bottom of the guidelines. The trial court also stated that, to the extent Petitioner was making an oral motion to withdraw her plea, the motion was denied because Petitioner made a voluntary plea with knowledge of all the consequences and the plea agreement. *Id.* at 13-14.

Petitioner filed a delayed application for leave to appeal, raising the same claims that she asserts in her habeas petition. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *See People v. Dugan*, No. 327216 (Mich. Ct. App. June 29, 2015). Petitioner made the same arguments in the Michigan Supreme Court, which denied leave to appeal on December 22, 2015, because it was not persuaded to review the issues. *See People v. Dugan*, 498 Mich. 951 (2015). On May 20, 2016, Petitioner filed her habeas corpus petition.[3]

---

[3] At the time, Petitioner was in prison. State records indicate that she was released on parole earlier this year. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (quoting 28 U.S.C. § 2254(d)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal

---

aspx?mdocNumber=948900.

court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. A state-court's factual determinations generally are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Both of Petitioner's habeas claims include an allegation of ineffective assistance of counsel. To prevail on this claim, Petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. 668, 687 (1984).

In the context of a guilty plea, a deficient performance is one that falls below an objective standard of reasonableness or is outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Id*.

### III. Analysis

**A. The Plea**

Petitioner alleges that the trial court deprived her of her state and federal

5

constitutional rights when it failed to fulfill its promise to sentence her to a minimum term of 27 months in prison. Petitioner further alleges that trial counsel was ineffective for failing to object to the trial court's (1) failure to abide by the plea and sentencing agreement and (2) failure to give her an opportunity to withdraw her guilty plea.

"[A]n unfulfilled state promise obtained in return for a plea of guilty will entitle a prisoner to habeas relief." *McNeil v. Blackburn,* 802 F.2d 830, 832 (5th Cir. 1986). But "a defendant's plea agreement consists of the terms revealed in open court," *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), and the state-court record reveals that the trial court did not promise Petitioner a minimum sentence of 27 months. The only promise was a sentence at the bottom of the sentencing guidelines. The trial court kept its promise by sentencing Petitioner to 42 months, which was the bottom of the sentencing guidelines range of 42 to 70 months. Because "[i]t is clear from the record that no promises were made that have not been kept, and that no part of the plea bargain was breached," habeas corpus relief is not warranted on Petitioner's claim. *Williams v. Anderson*, 498 F. Supp. 151, 153 (E.D. Mich. 1980).

Petitioner's related claim is that defense counsel was ineffective for failing to enforce the plea and sentencing agreement and for failing to object to the trial court's denial of her oral request to withdraw her plea. Defense counsel did attempt to obtain a minimum sentence of 27 months for Petitioner. *See* Sentencing Tr. at 8-9. He was not ineffective for failing to object when the trial court sentenced Petitioner to a minimum

6

sentence of 42 months, because the court complied with the plea agreement. Petitioner had no right to a sentence that departed downward from the sentencing guidelines. *See United States v. Castillo*, 140 F.3d 874, 888 (10th Cir. 1998) ("So long as the defendant's base sentence is properly within the guideline range and there is no *upward* departure, the defendant has no right to appeal the court's refusal to depart downward."); *see also Guerrero-Clavijo v. United States*, 242 F. Supp. 3d 57, 64 (D. Mass. 2017) (stating that the defendant had no right to a plea agreement, let alone one that required the Government to move for a downward departure from the sentencing guidelines).

As for the denial of Petitioner's implicit motion to withdraw her plea, there is no absolute right to withdraw a guilty or no-contest plea. *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Unless the plea violated a clearly-established constitutional right, the decision whether to allow a defendant to withdraw a plea is discretionary with the state trial court. *Shanks*, 387 F. Supp. 2d at 748.

In the present case, moreover, Petitioner indicated at her plea proceeding that she wanted to plead guilty to armed robbery, that she was pleading guilty of her own free will and choice, and that there were no promises, threats, or inducements to get her to plead guilty. (10/10/14 Plea Tr. at 9, 11-12.) These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, the trial court did not violate Petitioner's constitutional rights by denying her

oral motion to withdraw her guilty plea, and defense counsel was not ineffective for failing to object to the denial of Petitioner's motion.

An objection or motion for reconsideration likely would have been futile, given the trial court's finding that Petitioner's plea was voluntary and knowing, and "the failure to make futile objections does not constitute ineffective assistance." *Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir.), *cert. denied sub nom. Altman v. Brewer*, 137 S. Ct. 76 (2016). Counsel's lack of an objection also was reasonable, because Petitioner would have risked a long sentence if she had withdrawn her plea, gone to trial, and been convicted.

The Court concludes that the trial court did not violate Petitioner's constitutional rights when it sentenced her to a minimum of 42 months in prison, and defense counsel was not ineffective for failing to object to the minimum sentence or the denial of Petitioner's implicit request to withdraw her guilty plea. Petitioner has no right to relief on her first claim.

**B. The Sentence**

The second and final habeas claim alleges that the trial court violated Petitioner's state and federal constitutional rights when it sentenced her to a minimum of 42 months (three and a half years) and a maximum of 120 months (ten years). Petitioner contends that the sentence was excessive and that the trial court relied on inaccurate or incomplete information. Petitioner also claims that trial counsel was ineffective for failing to object to the length of the sentence.

The alleged violation of the Michigan Constitution is not a basis for habeas relief, because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Further, "[t]he Eighth Amendment [to the United States Constitution] does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson,* 213 F.3d 298, 301 (6th Cir.2000) (quoting *Williams v. New York,* 337 U.S. 241, 245 (1949)).

Petitioner's sentence was not grossly disproportionate, nor excessive. The minimum sentence of three and a half years in prison fell within the sentencing guidelines, and it complied with the plea and sentencing agreement. The maximum sentence of ten years did not exceed the statutory maximum of life imprisonment or any term of years. Mich. Comp. Laws § 750.529. The maximum sentence also was ten years less than the twenty-year sentence recommended by the state probation department.

(11/13/14 Sentence Tr. at 11.)

Petitioner, nevertheless, maintains that the trial court sentenced her on inaccurate information. A court may not sentence a defendant on untrue assumptions or on an extensively and materially false foundation, *Townsend v. Burke*, 334 U.S. 736, 741 (1948), but Petitioner has failed to show that the trial court relied on inaccurate information when sentencing her. The real basis for her claim is that the trial court relied on incomplete information by failing to consider mitigating factors such as, the proportionality of the sentence to the offense and offender, her strong family support, her remorse and acceptance of responsibility, and her history of substance abuse and mental health problems.

The Eighth Amendment, however, "does not require consideration of mitigating factors at sentencing in non-capital cases," such as this one. *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 995); *accord United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995) ("Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without [the] possibility of parole."); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673–74 (E.D. Mich. 2002)(stating that "[t]he United States Supreme Court has refused to extend the doctrine of individualized sentencing to noncapital cases," and because the "petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on her

behalf at sentencing").

Furthermore, defense counsel was not ineffective for failing to object to the sentence. To his credit, counsel argued in favor of a lower sentence. When the trial court rejected that request, but complied with the plea and sentencing agreement, it was reasonable not to object to the length of the sentence and risk jeopardizing the plea and sentencing agreement. Petitioner is not entitled to relief on the basis of her sentencing claim and the related claim about trial counsel.

### III. Conclusion

The state appellate court's rejection of Petitioner's claims for "lack of merit" was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. The state court's decision also was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. The Court, therefore, denies Petitioner's application for the writ of habeas corpus petition.

Petitioner may not appeal this opinion without first obtaining a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1), and a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could not disagree with the Court's resolution of Petitioner's claims. Nor could they conclude that Petitioner's claims deserve encouragement to proceed further. Accordingly, the Court declines to grant a certificate of appealability. The Court also denies leave to appeal this decision *in forma pauperis*, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                   s/Paul D. Borman
                                                   PAUL D. BORMAN
Dated: November 7, 2018                United States District Judge